# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DERRICK LAMAR BISHOP,

    *Petitioner*,

vs.

DWIGHT NEVEN, *et al.*

    *Respondents*.

2:08-cv-00161-KJD-PAL

ORDER

    This closed habeas matter under 28 U.S.C. § 2254 comes before the Court on the petitioner's motion (#14) for reconsideration. The motion carries an October 6, 2008, date that would suggest that the motion was mailed for filing within the ten-day period for seeking relief under Rule 59 of the Rules of Federal Civil Procedure with regard to the judgment entered on September 25, 2008.

    The Court dismissed the petition after the petitioner failed to respond to the Court's orders (## 9 & 11) directing that he show cause, *inter alia*, why the petition should not be dismissed with prejudice as time-barred. The orders advised that the petition would be dismissed with prejudice as time-barred if petitioner failed to timely respond, with supporting evidence. #9, at 5; #11, at 2. On the face of the record, the petition was filed more than a decade after the one-year limitation period expired. See #9, at 2-3.

    Petitioner maintains that the Court overlooked his August 6, 2008, motion for a stay that sought a stay so that he could exhaust claims that he conceded were unexhausted.

1    The Court did not overlook the August 6, 2008, motion. The Court issued an order (#11) that denied the motion. The Court directed petitioner, once again, to respond, as he previously had been ordered, and show cause, with supporting evidence, why the petition should not be dismissed with prejudice as time-barred and/or as noncognizable as to Ground 3. The order stated that no further extensions of time would be granted to respond to the prior order and that the action would be dismissed if a timely response was not received.

Petitioner thereafter did not respond to the Court's multiple orders that he show cause why the petition should not be dismissed with prejudice as, *inter alia*, time-barred.

Accordingly, the Court dismissed the petition with prejudice as time-barred. The Court did not overlook any motion prior to entering final judgment dismissing the case.

Petitioner next urges that he was a sixteen-year old mentally retarded youth when he entered his guilty plea fourteen years ago, that he only recently has begun to understand the nature and consequences of his 1994 plea, and that "he is, therefore, actually innocent." This bald and unsupported claim of actual innocence does not even remotely approach the showing of actual factual innocence required to satisfy the actual innocence gateway if, *arguendo*, available to overcome the federal limitation bar under 28 U.S.C. § 2244(d).

Petitioner further contends that the state sentencing court never acquired jurisdiction over him because he was not properly certified as an adult, and that "it is rudimentary that jurisdictional claims are never waived and can be raised at any time." There is no such exception to the federal one-year limitation period under § 2244(d) for claims of state procedural error that are characterized as "jurisdictional." Petitioner's claims have been time-barred for over a decade.

IT THEREFORE IS ORDERED that the motion (#14) for reconsideration is DENIED.

DATED: November 3, 2008

_____
KENT J. DAWSON
United States District Judge